IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROSARICK ERNESTO TRAMMELL )<br>)<br>v.                                    )<br>)<br>UNITED STATES OF AMERICA,        )  |  1:10-cv-8015-IPJ-PWG<br>1:08-cr-0206-IPJ-PWG  |

MEMORANDUM OF OPINION

Brosarick Ernesto Trammell, a federal inmate acting *pro se*, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Upon preliminary review, the magistrate judge has entered two separate reports and recommendations. The first report and recommendation, entered April 19, 2010, concludes that Trammell's § 2255 motion, as originally filed, is due to be dismissed because its bare assertion of a claim of "ineffective assistance of counsel," with no supporting facts, patently fails to state a cognizable claim for relief. (Doc.[1] 3). In the second report and recommendation, entered May 6, 2010, the magistrate judge concluded that Trammell's motion "to supplement," which alleged facts fleshing out his ineffective assistance claim (Doc. 5), was filed four days after the expiration of the one-year statute of limitations, 28 U.S.C. § 2255(f), and did not relate back to the date of the filing of the original § 2255 motion. (Doc. 7 at 3-7). Accordingly, the magistrate judge concluded that this action is due to be dismissed. (Doc. 7 at 8). The action is now before the undersigned district judge on Trammell's objections to both reports and recommendation (Docs. 9 & 10), as well as upon Trammell's motion asking the court to reconsider its order that denied his motion requesting production of "his complete criminal file." (*See* Docs. 2 & 4).

In his objections, Trammell makes two arguments. First, he contends that, contrary to the magistrate judge's finding, the allegations contained in his motion to "supplement" relate back to

---

[1]   References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in the § 2255 proceeding, Civil Action No. 1:10-cv-8015-IPJ-PWG.

the date of filing of his original § 2255 motion, pursuant to Rule 15(c), Fed. R. Civ. P.  This issue was thoroughly addressed in the magistrate judge's "second" report and recommendation.  (Doc. 7 at 5-7).  The court concludes that this argument is without merit.

Trammell's second argument is that the magistrate judge miscalculated the date upon which Trammell's conviction became final for purposes of 28 U.S.C. § 2255(f)(1).  The magistrate judge determined that, because Trammell did not appeal, his conviction became final on April 15, 2009, which marked the expiration of the period in which he might have filed a notice of appeal, following this court's entry of the final judgment in his criminal case on April 1, 2009.  (Doc. 7 at 3-4 (citing *Medros v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Rodriguez v. United States*, 279 Fed. Appx. 753 (11th Cir. May 22, 2008) (unpublished)).  Accordingly, the magistrate judge determined that Trammell had until April 15, 2010 to file a timely § 2255 motion, and that his motion to supplement, dated April 19, 2010, came too late and did not relate back.  (Doc. 7 at 3-4).  Trammell maintains, however, that pursuant to *Clay v. United States*, 537 U.S. 522 (2003), he was entitled to an additional 90 days before his conviction became final, based upon the period in which a defendant may file a petition for certiorari review in the United States Supreme Court.  As such, Trammell contends that he has until July 15, 2010 to file a § 2255 motion, rendering his claims timely without regard to the relation-back doctrine.

Trammell's reliance on *Clay* is misplaced.  That case holds that where a federal criminal defendant pursues a timely direct appeal to a circuit court of appeals but does not petition for certiorari review in the United States Supreme Court, his conviction becomes final for statute-of-limitations purposes when the time expires for having filed a timely petition for such certiorari review, *Clay*, 537 U.S. at 532, which is generally 90 days after the court of appeals issues its judgment.  *See id.* at 525; *Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008); *Drury v. United States*, 507 F.3d 1295, 1296-97 (11th Cir. 2007); Sup. Ct. R. 13(1).  The obvious difference

between *Clay* and the instant case is that Trammell did not appeal his conviction. Where a defendant does not appeal, he is ineligible for certiorari review in the United States Supreme Court and thus does not receive the benefit of the 90-day period in which to seek such review. *Ramirez v. United States*, 146 Fed. Appx. 325, 326 (11th Cir. July 26, 2005) (unpublished); *see also United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008); *cf. Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (holding that 90-day period for filing certiorari petition was inapplicable to the calculation of the one-year AEDPA limitations period for filing habeas petition by state prisoner under 28 U.S.C. § 2254 where the prisoner did not seek review in the state court of last resort). Rather, where a defendant fails to appeal, his conviction becomes final upon the expiration of the time to have filed a timely notice of appeal, as the magistrate judge stated. *See Medros,* 218 F.3d at 1253. Accordingly, the court concludes that the magistrate judge calculated the applicable limitations period correctly.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendations and the objections filed by the Mr. Trammell, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendations are ACCEPTED. Accordingly, the objections are due to be OVERRULED, the motion to vacate is due to be DISMISSED as untimely, and Mr. Trammell's motion for reconsideration is due to be DENIED. A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 26th day of May 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE